STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

SUSAN BELLAIRE, Individually, JOHN MASSEY, Individually, SUSAN BELLAIRE and JOHN MASSSEY as Parents and Natural Guardians of JOHN-LUC MASSEY, a minor

vs.

BGH LIMITED PARTNERSHIP and WHOLE FOODS MARKET GROUP, INC.

C.A. No.: PC-07-0795

COMPLAINT AND DEMAND FOR TRIAL BY JURY

## COMPLAINT

1. Plaintiff Susan Bellaire is a resident of the Town of Barrington, County of Providence, State of Rhode Island.

2. Plaintiff John Massey is a resident of the Town of Barrington, County of Providence, State of Rhode Island and is the husband of Plaintiff Susan Bellaire.

3. Plaintiff John-Luc Massey is a resident of the Town of Barrington, County of Providence, State of Rhode Island and is the minor child of Plaintiff Susan Bellaire and Plaintiff John Massey.

4. Defendant BGH Limited Partnership (hereinafter "BGH"), upon information and belief, is a corporation duly organized in the Commonwealth of Massachusetts with a principal office located at 39 Brighton Avenue, Brighton, Massachusetts and qualified to do business in the State of Rhode Island.

5. Defendant Whole Foods Market Group (hereinafter "Whole Foods"), upon information and belief, is a corporation duly organized in the State of Delaware with a principal place of business located at 550 Bowie Street, Austin, Texas and qualified to do business in the State of Rhode Island.

### COUNT I

6. On or around February 21, 2005, Defendant BGH was the true and lawful owner of property located at 261 Waterman Street, Providence, Rhode Island (hereinafter the "Premises").

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2007 FEB 12 P 1:48

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

7. Defendant BGH and/or its employees, agents, servants or representatives had a duty to maintain said Premises in a reasonable, safe condition and/or to ensure that the Premises were so maintained.

8. The Premises were not maintained and were unreasonably dangerous. Dangerous characteristics of said Premises include, but are not limited to, the accumulation of ice and snow on the path of expected customers.

9. Defendant BGH and/or its employees, agents, servants or represe tatives, kn or had reason to know of the unsafe and dangerous condition of the Premises, to wit, that the pre ce of ice and snow would create a slippery and dangerous condition for its customers.

10. Defendant BGH and/or its employees, agents, servants or representatives brea ed their duty of care owed to Plaintiff Susan Bellaire in that they failed to maintain the Premis n a safe condition, failed to provide safe paths for expected customers and was otherwise neglig .

11. Defendant BGH and/or its employees, agents, servants or representatives to no action to warn customers of the dangerous condition and negligently failed to properly addre the unsafe and dangerous condition or take precautionary steps to prevent customers from slippi .

12. On or around February 21, 2005, Plaintiff Susan Bellaire, while lawfully wa ing upon said Premises, slipped and fell due to snow and ice that had accumulated and was injured and caused great injury due to the unreasonably dangerous conditions of the Premises.

13. At all times pertinent hereto Plaintiff Susan Bellaire was in the exercise of reasonable and due care.

14. As a direct and proximate result of Defendant BGH and/or its employees, agents, servants or representatives' negligence, Plaintiff Susan Bellaire suffered physical injury, medical and other expenses, lost earnings and earning capacity and endured pain and suffering

WHEREFORE, Plaintiff Susan Bellaire demands judgment against Defendant BGH Lin ited Partnership in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court and an award of damages, including actual and compensatory, plus interest and costs and other ich relief as provided by law and deemed just by this Honorable Court.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Pr idence & Bristol
Providence Rhode Islan

COUNT II

15. On or around February 21, 2005, Defendant Whole Foods did operate a Whole Foods Market on property located at 261 Waterman Street, Providence, Rhode Island (hereinafter the "Premises").

16. Defendant Whole Foods and/or its employees, agents, servants or representatives had a duty to maintain said Premises in a reasonable, safe condition and/or to ensure that the Premises were so maintained.

17. The Premises were not maintained and were unreasonably dangerous. Dangerous characteristics of said Premises include, but are not limited to, the accumulation of ice and snow on the path of expected customers.

18. Defendant Whole Foods and/or its employees, agents, servants or representatives, knew or had reason to know of the unsafe and dangerous condition of the Premises, to wit, that the presence of ice and snow would create a slippery and dangerous condition for its customers.

19. Defendant Whole Foods and/or its employees, agents, servants or representatives breached their duty of care owed to Plaintiff Susan Bellaire in that they failed to maintain the Premises in a safe condition, failed to provide safe paths for expected customers and was otherwise negligent.

20. Defendant Whole Foods and/or its employees, agents, servants or representatives took no action to warn customers of the dangerous condition and negligently failed to properly address the unsafe and dangerous condition or take precautionary steps to prevent customers from slipping.

21. On or around February 21, 2005, Plaintiff Susan Bellaire, while lawfully walking upon said Premises, slipped and fell due to snow and ice that had accumulated and was injured and caused great injury due to the unreasonably dangerous conditions of the Premises.

22. At all times pertinent hereto Plaintiff Susan Bellaire was in the exercise of reasonable and due care.

23. As a direct and proximate result of Defendant Whole Foods and/or its employees, agents, servants or representatives' negligence, Plaintiff Susan Bellaire suffered physical injury, medical and other expenses, lost earnings and earning capacity and endured pain and suffering.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

WHEREFORE, Plaintiff Susan Bellaire demands judgment against Defendant Whole F[illegible]ds Market Group, Inc. in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court and an award of damages, including actual and compensatory, plus interest and costs and other such relief as provided by law and deemed just by this Honorable Court.

COUNT III

24. Plaintiffs repeat, reallege and incorporate by reference Paragraphs 1 through 23 above as if fully set forth herein.

25. At all times pertinent hereto, Plaintiff Susan Bellaire was married and was providing emotional and financial support to her husband, Plaintiff John Massey. Prior to the times herein mentioned Plaintiff Susan Bellaire was in fairly good health and fully capable of performing, a[illegible] [illegible]id perform, the duties of a wife in their dwelling without requiring aid.

26. By reason of the injuries inflicted on his wife, Plaintiff John Massey has [illegible]en deprived of the society of his wife and of her services in the support and management of their af[illegible]rs.

27. As a direct and proximate result of the facts alleged in this Complai[illegible], Plaintiffs [illegible]d each of them have suffered the loss of the services and consort of each other, and their comfort [illegible]d happiness in their society and companionship have been impaired, all to Plaintiffs' damage.

WHEREFORE, Plaintiffs demand judgment against Defendants BGH Limited Partners[illegible]ip and Whole Foods Market Group, Inc. in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court and an award of damages, including actual and compensato[illegible]y, plus interest and costs and other such relief as provided by law and deemed just by this Honorable Court.

COUNT IV

28. Plaintiffs repeat, reallege and incorporate by reference Paragraphs 1 [illegible]rough 27 above as if fully set forth herein.

29. As a direct and proximate result of facts alleged in this Complaint, Plai[illegible]ff John-Luc Massey, a minor, suffered the loss of his mother's society, care and companionshi[illegible].



True Copy Attest
Office of Clerk o[illegible] Superior Court
Counties of Pr[illegible]idence & Bristol
Pr[illegible]vidence Rho[illegible] Is[illegible]

WHEREFORE, Plaintiffs demand judgment against Defendants BGH Limited Partnership and Whole Foods Market Group, Inc. in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court and an award of damages, including actual and compensatory, plus interest and costs and other such relief as provided by law and deemed just by this Honorable Court.

Plaintiffs, Susan Bellaire, John Massey and
John-Luc Massey, a minor,
By their attorneys,

William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)
Poore & Rosenbaum LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-2600 – telephone
(401) 831-2220 – facsimile

Plaintiffs hereby demand a trial by jury.

William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island