STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

SUSAN BELLAIRE, Individually, JOHN MASSEY, Individually, SUSAN BELLAIRE and JOHN MASSEY, as Parents and Natural Guardians of JOHN-LUC MASSEY, a minor,

Plaintiffs,

v.

BGH LIMITED PARTNERSHIP and WHOLE FOODS MARKET GROUP, INC.

Defendants.

C.A. No. ~~[illegible]29~~ 07-0795

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**ANSWER**

As and for Defendants Whole Foods Market Group, Inc.'s ("Whole Foods") and BGH Limited Partnership ("BGH") (collectively, "Defendants") Answer to the Complaint of Plaintiffs Susan Bellaire and John Massey, Defendants respond as follows:

1. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and, on that basis, deny the allegations.

2. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and, on that basis, deny the allegations.

3. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and, on that basis, deny the allegations.

4. Defendants admit the allegations set forth in paragraph 4.

5. Defendants admit the allegations set forth in paragraph 5.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2007 FEB 21 P 4: 08

**Response as to "COUNT I"**

6. Defendants admit the allegations contained in paragraph 6.

7. Paragraph 7 contains a conclusion of law as to which no responsive pleading is required. To the extent a responsive pleading may be required, Defendants deny the allegations set forth in paragraph 7.

8. Defendants deny the allegations set forth in paragraph 8.

9. Defendants deny the allegations set forth in paragraph 9.

10. Defendants deny the allegations set forth in paragraph 10.

11. Defendants deny the allegations set forth in paragraph 11.

12. Defendants deny the allegations set forth in paragraph 12.

13. Defendants deny the allegations set forth in paragraph 13.

14. Defendants deny the allegations set forth in paragraph 14.

**Response as to "COUNT II"**

15. Defendants admit the allegations set forth in paragraph 15.

16. Paragraph 16 contains a conclusion of law as to which no responsive pleading is required. To the extent a responsive pleading may be required, Defendants deny the allegations set forth in paragraph 16.

17. Defendants deny the allegations set forth in paragraph 17.

18. Defendants deny the allegations set forth in paragraph 18.

19. Defendants deny the allegations set forth in paragraph 19.

20. Defendants deny the allegations set forth in paragraph 20.

21. Defendants deny the allegations set forth in paragraph 21.

22. Defendants deny the allegations set forth in paragraph 22.

23. Defendants deny the allegations set forth in paragraph 23.

**Response as to "COUNT III"**

24. In response to paragraph 24, Defendants incorporate their responses to paragraphs 1 through 23 as though fully set forth herein.

25. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and, on that basis, deny the allegations.

26. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and, on that basis, deny the allegations.

27. Defendants deny the allegations set forth in paragraph 27.

**Response as to "COUNT IV"**

28. In response to paragraph 28, Defendants incorporate their responses to paragraphs 1 through 27 as though fully set forth herein.

29. Defendants deny the allegations set forth in paragraph 29.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The injuries alleged by the Plaintiff were proximately caused by the Plaintiff's own negligence without negligence on the part of the Defendants.

THIRD AFFIRMATIVE DEFENSE

The negligence of the Plaintiff contributed to the injuries claimed and this negligence should reduce any recovery pursuant to R.I.G.L. § 9-20-4.

FOURTH AFFIRMATIVE DEFENSE

The injuries alleged by the Plaintiff were proximately caused by an Act of God, for whom Defendants are not legally responsible.

FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff assumed the risk of the injuries alleged.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the equitable doctrines of laches and estoppel.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request that:

1. the Complaint be dismissed with prejudice,
2. that it be awarded costs and attorneys' fees, and
3. such other and further relief this Court deems just and proper.

**JURY DEMAND**

The Defendants hereby demand a jury trial.

Dated: Providence, Rhode Island
February 27, 2007

WHOLE FOODS MARKET GROUP, INC.
and BGH LIMITED PARTNERSHIP
By their Attorneys,

Minette M. Loula

Geoffrey W. Millsom (#6483)
Minette M. Loula (#7181)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604/ 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February 2007, I caused a true copy of the within Answer to be sent to the following individual(s) by regular mail, postage prepaid:

William A. Poore, Esq.
Christopher J. O'Connor, Esq.
Poore & Rosenbaum LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-2600 (T)
(401) 831-2220 (F)

Valorie Lonctot

*409279_1*